## PAGE *v.* ELLIS *et al.*

Where suit was brought in the District Court on an undertaking on appeal to the Supreme Court, given in the sum of three hundred dollars, conditioned to pay all damages and costs, not exceeding the three hundred dollars which may be awarded by the Supreme Court, and the damages and costs so awarded were only thirty dollars and fifteen cents: *Held,* that the District Court had no jurisdiction.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

This action was brought against Asa Ellis, and Elbridge Ross, and A. D. Stewart, his sureties on an undertaking on appeal to the Supreme Court. The undertaking is in the sum of three hundred dollars, and conditioned that "Asa Ellis (appellant in the undertaking) shall well and truly pay all damages and costs, not exceeding three hundred dollars, which may be awarded by said Supreme Court against said Ellis on said appeal." The appeal was dismissed by the Supreme Court, and judgment was entered in the Court below against said Ellis, for the amount of the debt, and also for the sum of thirty dollars and fifteen cents damages and costs, awarded by the Supreme Court on said appeal. Execution was issued on this judgment, and returned not satisfied. Thereupon the plaintiff instituted this suit. The defendants demurred to the complaint of plaintiff, on the ground that the complaint showed that plaintiff was only entitled to recover the sum of thirty dollars and fifteen cents, and that the Court had no jurisdiction. The demurrer was overruled, and the defendant raised the same objection to the jurisdiction in their answer. Plaintiff had judgment, and the defendants appealed.

*F. L. Hatch* for Appellants, Ross and Stewart.

1. That the Court below should have sustained their demurrer. The pleadings show that the District Court had no jurisdiction of the subject-matter of the action. The complaint does not show facts sufficient to constitute a cause of action in the District Court against the appellants. It shows that the appellants, as sureties for defendant Ellis, by their undertaking rendered themselves liable only for the costs and damages which might be awarded in the Supreme Court, and not for any portion of the original judgment which was obtained by the plaintiff, against defendant Ellis.

The complaint also shows that the costs and damages awarded by the Supreme Court in the case amounted to only thirty dollars and fifteen cents.

For this amount only, are the appellants liable to plaintiff

upon the undertaking which is the foundation of this action, and which is set out in the complaint.

For this amount the plaintiff has his action against the appellants, but not in the District Court, that Court having no jurisdiction of an amount under two hundred dollars. § 6, Art. 6, Const. of Cal.

2. As to the object, effect of, and the liability created by such an undertaking as is set out in the complaint, see Article 1082, Wood's Digest.

The undertaking in this case was merely given to "perfect" the appeal. It was drawn under Art. 1082. It was not such an undertaking as the statute requires to stay the execution of the judgment.

The next article, 1083, prescribes the character of such an undertaking. It is only where such an undertaking is given as will stay the execution, that the sureties are liable for any part of the judgment appealed from.

3. If the District Court could take jurisdiction of the case, the judgment should have been for the amount of the damages and costs awarded by the Supreme Court—that is for thirty dollars and fifteen cents—the plaintiff paying all the costs of this action. Art. 1227, Wood's Digest.

*Bryan &* ———— for Respondent.

1. Are the defendants' sureties liable for more than mere Supreme Court costs (which in all cases are scarcely more than nominal,) or are they liable for the costs made below to the extent of their bond, the filing of the same operating as a stay of execution.

The invariable practice has been to hold them to the extent of the bond for all of the costs, both above and below. The bond operates in this case as a stay of execution.

The respondent is by its filing injured and delayed in collecting his costs, and in fact in many cases will be prevented altogether from obtaining his costs on account of the filing of such a bond, if the appellant be correct.

The principal may become worthless or fail in the mean time.

2. Our statute provides that the bond should be conditioned "to the effect that appellant will pay all damages and costs which may be awarded against him on the appeal, not exceeding three hundred dollars." Wood's Digest, p. 211, § 348.

The Court in dismissing this case awards costs; and the costs below to the extent of the three hundred dollars, as a matter of course, are awarded by the decision of this Court.

But it is not necessary to multiply words in this case. This Court has given a construction to the section quoted, which is directly in point and settles the question, if there was ever any

doubt about a thing so plain. Mayor etc., of Marysville, v. R. B. Buchanan, 3 Cal., 212.

In nine cases out of ten we never could obtain costs below unless upon the bond upon the awarding of the Supreme Court.

The bond operates as a stay to the amount of the sum named. Whilst the appeal is pending the judgment-debtor fails or runs away. The bond secures him, and might be called, by a liberal use of language, *particeps criminis*. The bond, then, should pay.

Believing this to be a frivolous appeal for delay, we feel justified in asking the Court to affirm the judgment with damages, that will discourage such trifling appeals in the future.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., and FIELD, J., concurring.

The undertaking sued on was executed under the provisions of the three hundred and forty-eighth section of the Practice Act, and did not operate to stay execution on the judgment of the Court below; its object was simply to secure the payment of such damages and costs as should be awarded in the Appellate Court, and as the complaint shows that the damages awarded are less than two hundred dollars, the District Court had no jurisdiction.

Judgment reversed.